RICHARD PAINTON, Appellant, *v.* THE NORTHERN CENTRAL RAILWAY COMPANY, Respondent.

When a defect in the plaintiff's case is supplied by testimony on the part of the defendant, the former is entitled to the benefit thereof on appeal in support of a denial of a motion to nonsuit.

An employer is bound to exercise due care and diligence in furnishing for the use of his employees fit and safe implements and machinery, but is not a guarantor of their safety; and in an action by an employee for alleged neglect to perform this duty, the *onus* is upon the plaintiff to show negligence.

Plaintiff, a brakeman in defendant's employ, was injured by the breaking of an eye bolt connecting the chain with the rod of a brake. In an action

to recover damages it appeared that the eye-bolt was defective in not having been properly welded.   There was no evidence of notice of the defect to defendant, or any of its agents, nor was it shown that the defect could have been discovered by inspection ; there was evidence that the maker of the bolt could have discovered the defect by bending it while hot and in other ways, but it did not appear whether the eye-bolt was made by the company or purchased ; and no want of care, the exercise of which would have discovered the defect, was shown.  *Held*, that the plaintiff failed to make out a case, so far as it rested upon the imperfection referred to.

There was evidence, however, that the eye-bolt was smaller than those used by defendant at the time of trial; that the breaking of the chains had formerly been of frequent occurrence.   The eye-bolt in question and one of the larger eye-bolts adopted since the accident were produced, and submitted to the inspection of the jury.  *Held*, that while the proof of negligence on the part of defendant was slight, sufficient was shown to justify the submission of the question to the jury.

(Argued October 11, 1880 ; decided November 30, 1880.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made the first Tuesday of May, 1877, reversing a judgment in favor of plaintiff, entered upon a verdict, and granting a new trial.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff through the negligence of defendant.

Plaintiff was in the employ of defendant as a brakeman, and while in the discharge of his duties the brake he was operating gave way, and he was thrown from a car and injured.

The further facts appearing on the trial are set forth sufficiently in the opinion.

*George B. Bradley* for appellant.   It was the duty of the defendant and it undertook to provide suitable structures having in view the safety and protection of its employee while in the discharge of his duty. (*Laning* v. *New York C. R. R. Co.*, 49 N. Y. 521; *Booth* v. *Boston & Albany R. R. Co.*, 73 id. 38, 40 ; *Flike* v. *Boston & Albany R. R. Co.*, 53 id. 549 ; *Ryan* v. *Fowler*, 24 id. 410, 414 ; *Corcoran* v *Holbrook*, 59 id. 517,

520; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, Ct. App., Dec. 16, 1879; 9 Weekly Dig. 382; *Kain* v. *Smith*, Ct. App., April 6, 1880; 10 Weekly Dig. 176; *Cone* v. *Del., L. & W. R. R. Co.*, Ct. App., June 1, 1880; 10 Weekly Dig. 232; *Fuller* v. *Jewett, Receiver, etc.*, Ct. App., February 3, 1880, 21 Alb. Law Jour. 257; 9 Weekly Dig. 443–4; *Hough* v. *Railway Co.*, 100 U. S. [10 Otto] 213; *Chicago & N. W. R. Co.* v. *Jackson*, 55 Ill. 492; 8 Am. Rep. 661; *Shauny* v. *Androscoggin Mills*, 66 Me. 420; *Gibson* v. *Pacific R. R. Co.*, 46 Mo. 163; 2 Am. Rep. 497; *Cumberland, etc., R. R. Co.* v. *State*, 44 Md. 283; *Wedgewood* v. *C. & N. Ry. Co.*, 44 Wis.; 18 Alb. Law Jour. 137.) Plaintiff had the right to understand and assume that defendant had exercised care and diligence in providing suitable means for the service he was required to perform, so as not to expose him to unreasonable risks or dangers. (*Connolly* v. *Poillon*, 41 Barb. 366, 369; affirmed by Court of Appeals, 41 N. Y. 619; *Noyes* v. *Smith*, 28 Vt. 59; approved, 24 N. Y. 414; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458, 461; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 240; 14 Am. Rep. 605, 606; *Gibson* v. *Pacific R. R. Co.*, 2 id. 500; 46 Mo. 163; *Fort Wayne, etc., R. R. Co.* v. *Gildersleeve*, 33 Mich. 133; *Toledo, etc., R. R. Co.* v. *Ingraham*, 77 Ill. 309; *Ford* v. *Fitchburg R. R. Co.*, 14 Am. Rep. [110 Mass.] 606.) The evidence fairly established and authorized the jury to find that negligence on the part of defendant caused the injury complained of. (*Mullan* v. *P. & S. M. S. Co.*, 78 Penn. St. 25; *S. C.*, 21 Am. Rep. 2; *Greenleaf* v. *Illinois Central R. R. Co.*, 29 Iowa, 14; *S. C.*, 4 Am. Rep. 181, 191–2.) It is not necessary to show that the defendant had actual knowledge or notice of the defect. It is sufficient that the defendant ought to have known or could, by the exercise of reasonable care, have ascertained the defective condition of the structure at the time it was made and applied to the car. (*Gibson* v. *Pacific R. R. Co.*, 2 Am. Rep. [46 Mo.] 497, 503; *Noyes* v. *Smith*, 28 Vt. 59; *Chicago & Alton R. R. Co.* v. *Platt*, 89 Ill. 141; *Wedgewood* v. *C. & N. W. R. R. Co.*, 44 Wis.; *Connolly* v. *Poillon*,

41 Barb. 366; affirmed by Court of Appeals, 41 N. Y. 619; *Ryan* v. *Fowler,* 24 id. 410, 414; *Brickner* v. *New York C. R. R. Co.,* 2 Lans. 506, 512, 513; affirmed by Court of Appeals, 49 N. Y. 672; *Fuller* v. *Jewett, Receiver, etc.,* Ct. App., Feb. 3, 1880; 21 Alb. Law Jour. 257; 9 Weekly Dig. 443; *Kirkpatrick* v. *New York C. & H. R. R. R. Co.,* Ct. App.; Dec. 16, 1879; 9 Weekly Dig. 382; *Booth* v. *B. & A. R. R. Co.,* 73 N. Y. 38; *Flike* v. *B. & A. R. R. Co.,* 53 id. 549, 553; *Spelman* v. *Fisher Iron Co.,* 56 Barb. 151, 165; *Hough* v. *Railway Co.,* 100 U. S. 213, 220.) That state of facts was sufficient to cast the burden on the defendant of showing if such were the case that some care had been used by it. (*Russell Manuf. Co.* v. *N. H. Steamboat Co.,* 50 N. Y. 121, 126–7; *Wyckoff* v. *Queens Co. Ferry Co.,* 52 id. 32, 36; *Platt* v. *Hibbard,* 7 Cow. 498, 500, 501; *Mullen* v. *St. John,* 57 N. Y. 567; *Byrne* v. *Boodle,* 2 Hurl. & Colt. 722; *Scott* v. *London Dock Co.,* 3 id. 596; *Fietal* v. *Middlesex R. R. Co.,* 109 Mass. 398; *S. C.,* 12 Am. Rep. 720.) The defendant could not, by want of knowledge of the defective construction of the brake, escape the charge of negligence, when such want of knowledge was occasioned by mere omission to use the practical and accessible means of information of the defect. (*Chapman* v. *Erie Railway Co.,* 55 N. Y. 579, 585; *Brickner* v. *New York C. R. R. Co.,* 2 Lans. 506, 513; affirmed by Court of Appeals, 49 N. Y. 672; *Hough* v. *Railway Co.,* 100 U. S. [10 Otto] 213, 217, 219, 220, 221, 222; *Laning* v. *New York C. R. R. Co.,* 49 N. Y. 521, 532, 533; *Russell Manuf. Co.* v. *N. H. Steamboat Co.,* 50 N. Y. 121, 126; *Wyckoff* v. *Queens Co. Ferry Co.,* 52 id. 32, 36.) The plaintiff when he entered into the service assumed the ordinary risks and perils of the service incident to it and those only. (*Gibson* v. *Erie Railway Co.,* 63 N. Y. 449, 452; *Hough* v. *Railway Co.,* 100 U. S. 217; *Gibson* v. *Pacific R. R. Co.,* 2 Am. Rep. [46 Mo.] 499, 450; *Georgia R. R. & B. Co.* v. *Rhodes,* 56 Ga. 645; *Combs* v. *N. B. Cordage Co.,* 102 Mass. 572.) The plaintiff was not required to guard against perils and hazards in which the negligence of

the defendant placed him. (*Hough* v. *Railway Co.*, 100 U. S. 217; *Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 40.)

*George M Diven* for respondent. The burden of proof in this case was upon plaintiff to show negligence in defendant. The presumption was to the contrary, and neither the breaking of the eye-bolt, nor the fact that it was defective, will overcome that presumption. (Wood's Master and Servant, § 346; *Sherman* v. *Western Transp. Co.*, 62 Barb. 150, 158.) If the car was properly constructed originally, as must be presumed, and afterward getting out of order was repaired, and this action was occasioned by the improper manner of such repair, this was the negligence of the fellow employee who made the repairs, and for this defendant is not liable, unless it was shown that there was negligence in the employment of the fellow servant who made the repairs. (*Besel* v. *New York C. & H. R. R. R. Co.*, 70 N. Y. 171; *Scoville* v. *E. R. R.*, 3 Weekly Dig. 114; *Coon* v. *S. & W. R. R.*, 5 N. Y. 492; *Wright* v. *N. Y. C. R. R.*, 25 id. 562; *Wonder* v. *B. & O. R. R.*, 32 Md. 411; 3 Am. Rep. 143; *Warner* v. *E. R. Co.*, 39 N. Y. 468; *Chapman* v. *E. R. R. Co.*, 55 id. 579; *Malone* v. *Hathaway*, 64 id. 5.) Knowledge that any defect existed in the appliances used by the defendant, which caused the accident, was not shown to have been brought home to the defendant. (*Warner* v. *E. R. Co.*, 39 N. Y. 468.) The risk was one assumed by plaintiff when he entered defendant's employ. (3 Am. Rep. 143 [32 Md. 411.]; *De Graff* v. *New York C. & H. R. R. Co.*, 3 T. & C. 255.)

RAPALLO, J. The judge at the trial correctly stated to the jury the rule of law governing this case, instructing them that the defendant was required to exercise care and diligence in selecting and retaining in use fit and safe machinery, and implements fit for the use to which they were applied, and that if it failed to do so, and an accident consequently occurred by which an employee was injured, without negligence on his part, he might recover.

No exception was taken to the charge, but the defendant insists that there was no evidence bringing the case within the general rule stated, and a nonsuit should therefore have been granted.

The evidence fairly authorizes the inference that the injury to the plaintiff was caused by the breaking of an eye-bolt, by which the chain of the brake which plaintiff was operating was connected with the brake-rod; that this eye-bolt was defective, in not having been properly welded, in consequence of which defect it did not possess more than one-third or one-fourth of the strength which it would have had if properly made; and also that this weakness was not attributable to use or wear, but to insufficient care in its construction.

On this branch of the case the question is, whether sufficient was shown to authorize the submission to the jury of the question whether the defendant was chargeable with notice of the defect, or negligence in not discovering it, or in using the defective bolt. The employer is bound to exercise due care and diligence in furnishing for the use of his employees fit and safe implements and machinery, but he is not held to be a guarantor of their safety, and the onus is upon the plaintiff to show some negligence on the part of the employer in respect to the performance of the duty resting upon him as above stated. (*DeGraff* v. *N. Y. Central & H. R. R. R. Co.*, 76 N. Y. 131.)

There was no evidence in this case of notice to the defendant or any of its agents to whom this duty was delegated, of the defect in the eye-bolt. Neither was it shown that the defect could have been discovered by inspection. On the contrary the testimony bore in the opposite direction, and it was shown that the defendant's cars were regularly inspected. There was evidence that the maker of the bolt could readily have discovered the defect by bending it while hot and in other ways, but there was no evidence whether it was made by the company or purchased ready made, nor can any want of care in not discovering the imperfect welding be suggested unless it be that some test should have been applied to the brake before putting the car in use, and whether or not this had been done,

the evidence does not disclose. The General Term held that the plaintiff had failed to make out his case so far as it rested upon the imperfect welding of the eye-bolt. Another defect, however, is charged by the counsel for the plaintiff which is of a different nature, and upon this the General Term does not appear to have passed. He claims that there is evidence that the eye-bolt was too small for the purpose to which it was applied. This, if established, would be a defect of which the defendant would be bound to take notice, and it would be for the jury to say whether it was sufficient to sustain the charge of negligence. The evidence on the point is not very convincing, and it can be argued with some force that, as it appears that if the bolt had been properly welded it would have been three or four times stronger than it was, its breaking is not attributable to want of size. Still, on the other hand, it may be said that if it had been of larger size, it would have been less liable to break even if partially defective. The question now is whether these matters were proper to be submitted to the jury. The testimony was that at the time of the trial the defendant used larger eye-bolts than the one which broke, though some of the witnesses testified that some of the small eye-bolts which were in use at the time of the accident still remained in use. One witness, an inspector of cars in the employ of the defendant, testified that at the time of the trial the defendant used the large eye-bolts in the brake rod, and that they did not break so much since it put them in, and that he thought it no longer used any thing like the one in question (the one which broke). No one would seem to have been in a better position to know than this witness. It also appeared that the breaking of the chain had been of frequent occurrence. Many instances were proven, though it was not stated whether the break was in the links of the chain or in the eye-bolt, except as may be inferred from the testimony of the inspector before referred to. Several witnesses were called by the defendant, with the view doubtless of proving contributory negligence on the part of the plaintiff, who testified that they habitually took precautions against being injured by the breaking of the chain, and mentioned in-

stances showing the necessity of such precautions. The eye-bolt which broke was submitted to the inspection of the jury, who could thus form some opinion of its sufficiency in point of size, and it also appears from the case that the larger eye-bolt adopted since the accident was produced at the trial.

Most of this evidence came from the witnesses on the part of the defendant, but if it supplied any defect in the plaintiff's testimony, he is entitled to the benefit of it in support of the denial of the nonsuit. The proof of negligence on the part of the defendant was slight, but we are unable to say that sufficient was not shown to justify the submission of the case to the jury.

The order of the General Term should be reversed, and the judgment on the verdict affirmed.

All concur except FOLGER, Ch. J., not voting.

Order reversed and judgment affirmed.