Truax, J.
The plaintiff endeavored to show that immediately after the accident the broken chain was replaced by a larger and stronger one. This was objected to and excluded. To this ruling the plaintiff duly excepted. This evidence was properly excluded. It did not prove or tend to prove that the defendants were negligent in getting or in using the chain that broke. They had to get another chain of some kind. They may have got a larger chain, because the accident showed them that it would be safer to use a larger chain than to use the one they were using ; but this cannot be held to be an admission by the defendants that they knew before the accident, that the chain was unsafe, or that they had been négligent in selecting the chain, or that they had not used due care *343 in ascertaining whether or not the chain was large enough. Nor is it an admission that they knew that the chain was not strong enough to carry the elevator. The fact in issue was the negligénce of the defendants at or before the accident. This evidence did not tend to prove the existence of that fact. The plaintiff has cited certain authorities for the proposition that the evidence above referred to should have been received as an admission by the defendants that the chain in use was not large enough. Among these cases is Paintor v. Northern Central R. R. Co. (83 N. Y. 7). An examination of the printed case on appeal, shows that the evidence was, that the eye-bolt, the breaking of which caused the accident, had been replaced with a larger one. This evidence was not objected to nor was there any request made in respect to it. It was submitted to the jury, and therefore it must be held that the defendant conceded that it was competent evidence. At any rate, the court of appeals was not called upon to determine whether it was or was not competent evidence. There was other proof of negligence on the part of the defendant and the court of appeals held that although all the proof of negligence on the part of the defendant was slight, it was properly submitted to the jury. The court of appeals have held that evidence of a character similar to the evidence offered in this case was properly excluded (Dougan v. Champlain Transportation Co., 56 N. Y. 1; Baird v. Daly, 68 Id. 547; Dale v. Del. L. & W. R. R. Co., 73 ld. 472).
One of the defendants’ witnesses was asked whether there was any doubt whatever in his mind as to the capacity of the elevator to carry up any weight of that kind of iron that could be put upon it. This was objected to as immaterial and irrelevant, the objection was overruled and jhe plaintiff excepted. The objection made was not that the opinion of the witness was incompetent, but merely that the evidence was immaterial. This objection furnishes no ground for reversal (Ward v. Kilpatrick, 85 N. Y. 416).
The defendants did not undertake to build the elevator *344 in question themselves, or by their servants, but they made a contract to construct it with Otis Brothers, by whom it was constructed for a gross sum. The experience of Otis Brothers in constructing elevators was very large. They had been employed by the defendants before. The contract under which this elevator was constructed, provided for the construction of a first-class elevator. There is no evidence upon which to base any allegation of incompetency on the part of Otis Brothers, nor any charge of negligence on the part of defendants in selecting them to construct the elevator, and it was not negligence for the defendants to rely upon the supposition that the elevator had been properly constructed and to permit their employees to use it without examination. All that such examination would have disclosed would have been that the chain appeared light, but even in that event, it would not be negligence for the defendants to rely upon the judgment of Otis Brothers, that the chain was strong enough to carry the weight which it was expected it would be obliged to carry. There was no error committed in directing a verdict for the defendants, unless there is evidence that the defendant knew that the chain was not strong enough to do the work required of it, and that this lack of strength was the cause of the accident. There is no evidence that either of the defendants had personal knowledge that the chain that broke was too light, but there is evidence that Mr. Denning, who was manager of the store where the accident happened, but who had nothing whatever to do with the construction or management of the elevator had been told by Mr. Bond, who was the head engineer, and who had entire charge “ of all the machinery and elevators in the building, that the chain was too light for the work of this house,” a short time before the accident. It was also proved, without objection, that Mr. Bond had said immediately after the accident, “Now, Denning, I knew that chain from the first day was not strong enough for the car,” and “that is the chain I had been repeatedly at Mr. Denning about being too light for its work.” Although *345 this testimony was received without objection, yet I am of the opinion that it was not evidence of the fact that Bond had given the defendants or their superintendent notice of the fact that the chain "was too light for its work. Neither was it admissible as part of the res gestee (Luby v. H. R R. R. Co. 17 N. Y. 131; Whitaker v. Eighth Av. R. R. Co., 51 Ib. 295; Hamilton v. N. Y. C. R. R. Co., 51 Id. 100; First Nat. Bank v. Ocean National Bank, 60 lb. 297; Furst v. Second Ave. R. R. Co., 72 lb. 542). And the omission to object to this testimony was not a concession that it was competent (Hamilton v. N. Y. C. R. R. Co., supra).
It was no part of Denning’s duty to keep the elevator in repair, or to guard against the consequences of any defects or weakness therein. And therefore notice to Denning was not notice to the defendants.
I am of the opinion, however, that the admission of Bond, whose duty it was, as head engineer in charge of all the machinery and elevators, to guard against the injurious consequences of any defects or weakness therein, was competent evidence to prove notice to Bond, and that notice to Bond was notice to the defendants (Thompson Neg. 994, and cases there cited).
It would be competent, to prove that a third person had notified him of the fact and it is more satisfactory to prove that he . admitted that he knew of the fact (Chapman v. Erie Railway Co., 55 N. Y. 584).
If it be the fact that the chain broke because it was too light, this notice to the defendants was sufficient to put a prudent man on inquiry, and as there is no evidence in the case that they made any inquiry, the jury would have been authorized in finding, had the case been left with them, that the defendants were negligent in using the chain as they did use it.
It therefore remains to be considered whether the chain did or did not break because it was too light for the work of the house. There is no evidence that it did any more *346 than the work of the house and the inference to be drawn from the evidence is, that it did only the work of the house, for the plaintiff testified that he carried such loads as Bond, who knew of the defect, told him to carry. An examination of the link which broke, showed that it was a sound link. The plaintiff testified that he had carried only such loads as he had been told by Bond to carry, and that he had never known the elevator to catch except once when it had on a large bag of waste paper, when he lowered the elevator and changed the position of the bags, and that afterwards it ran smoothly and without any hitch or interruption. This evidence would warrant the jury in finding that there was no defect, or flaw, in the chain, and that it broke because it was to light for its work.
The court should have left it to the jury to determine the following questions:
First. Did the defendants have notice before the accident of any defect or weakness in the chains ?
Second. Did the chain break because of this weakness ?
Third. Were the defendants negligent in using the chain, under all the circumstances of the case, after such notice?
The judgment and order appealed from are reversed, and a new trial is ordered with costs to the appellant to abide the event.