Hatch, J.
It may be assumed that defendant had caused to be given the assurance, when the car was pulled out from its cripple track, that it was in good condition and proper repair, upon which fact plaintiff had the right to rely. But, with this conceded, it does not follow that plaintiff showed himself entitled to recover. When the notice was given that-the wrong -pin had been pulled, it was undoubtedly competent for the jury to find that it then became plaintiff’s duty to remove the pin and link. The notice warned plaintiff that something was wrong, or the right pin would have been pulled. When plaintiff reached the car he proceeded to examine the pin and coupler, discovered the character of tbe coupler, and the difficulty with the pin. Whatever of assurance had been given that the car was in a suitable and proper condition was now removed. If we call it a defective and unsafe appliance, the, condition is not changed. Assuming it to be such, its character, nature, and extent was as well known then to the plaintiff as it possibly could be to defendant. Indeed, all that defendant now knows rests, in the main, upon plaintiff’s statement, and whatever knowledge it was chargeable with was clearly *141 within the plaintiff’s conception at the time. No accident had yet happened, no injury was yet sustained. While, in the beginning, plaintiff had an assurance that the car was in proper condition, yet such assurance in no wise misled him to his damage. Before he did any act causing injury he had possesed himself, of every fact which defendant knew, or ought to have known. Thus, with full knowledge of the defect, a complete comprehension of his surroundings, with as much knowledge upon the whole subject as defendant, he attempted to remedy the defect, and received injury through the negligent act of a co-employe. Whatever danger there was in and about attempting to correct the defect was obvious in character, and known to plaintiff so far as it related to any defect in the coupling. He therefore assumed whatever risk attended his act, and cannot hold defendant responsible therefor. Crown v. Orr, 140 N. Y. 450; 55 St. Rep. 834; Davidson v. Cornell, 132 N. Y. 234; 43 St. Rep. 887; Hart v. Naumburg, 123 N. Y. 641: 33 St. Rep. 607. In addition to this, plaintiff was, by the rule of defendant, required to inform his superior officer of any defect when discovered, and to take such measures as would insure his safety in and about any matter he attempted to do with it. It therefore rested with him, when he discovered the defect, to take such steps as would insure his safety, if he determined to remedy it. This he did not do, but proceeded to act with knowledge of the defect, the dangers attending its remedy, and with no notice to his superior or fellow servants. It is therefore‘apparent that what he did he did with his eyes open, with full knowledge, and in consequence assumed the attendant risks. No basis existing to sustain a recovery, the judgment should be reversed, and anew trial ordered; costs to abide the event.
White, J., concurs; Titus, 0. J., dissents.