HENRY C. HOPKINS, Respondent, *v.* JAMES F. A. CLARK et al., Appellants.

1. APPEAL — NON-AVAILABILITY OF EXCEPTION TO DENIAL OF MOTION TO DISMISS COMPLAINT AT CLOSE OF PLAINTIFF'S CASE. An exception to the denial of a motion for the dismissal of the complaint at the close of the plaintiff's case is not available in the Court of Appeals to present the question of law that there is no evidence to support the verdict, where the defendant, after the denial of the motion, proceeded with his case and went to the jury without having renewed the motion to dismiss at the close of the whole evidence.

2. WAIVER OF EXCEPTION TO DENIAL OF MOTION TO DISMISS COMPLAINT. When a defendant, at the close of the plaintiff's evidence, moves to dismiss the complaint, and, the motion being denied, excepts to the ruling and then proceeds with his case and puts in evidence on his part, he thereby waives the exception.

3. CONCESSION OF QUESTION FOR JURY. A defendant, by failing to move for a dismissal of the complaint, concedes that there is a question for the jury.

4. STOCKBROKER AND CUSTOMER — EVIDENCE AS TO EXERCISE OF ALLEGED DISCRETIONARY POWER OF PURCHASE. Where, in an action by a customer against his stockbroker to recover an alleged balance of account, the defendant claims a general discretionary power to make purchases for the plaintiff, and has given evidence tending to show a wise exercise of his alleged discretion in making a purchase which the plaintiff claims to repudiate, it is competent for the plaintiff to introduce proof tending to a contrary conclusion, such as proof that the securities purchased were behind a large bonded indebtedness.

*Hopkins* v. *Clark,* 7 App. Div. 207, affirmed.

(Argued January 27, 1899; decided February 28, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 12, 1896, affirming a judgment of the late Court of Common Pleas for the city and county of New York in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover an amount alleged to be due and owing by defendants as stockbrokers to the plaintiff.

The facts, so far as material, are stated in the opinion.

*Paul D. Cravath* for appellants. The Court of Appeals has jurisdiction to entertain this appeal. (*Hopkins* v. *Clark,* 151 N. Y. 632; Code Civ. Pro. § 1337.) The evidence does not support, or tend to support, the verdict on which judgment was entered. (*Gale* v. *Curtiss,* 151 N. Y. 598; *People ex rel.* v. *Martin,* 142 N. Y. 352; *Hudson* v. *R., W. & O. R. R. Co.,* 145 N. Y. 408; *G. M. Co.* v. *Nat. Bank,* 96 U. S. 640; *Hoyt* v. *Thompson,* 19 N. Y. 218; *Johnson* v. *Jones,* 4 Barb. 369.) The failure of defendants to renew the motion for a nonsuit at the end of the whole case does not deprive them of the benefit of their exception to the denial of the motion for a nonsuit at the close of the plaintiff's case, since the plaintiff's case not only was not strengthened, but was clearly weakened, by the defendant's case. (*S. & S. P. R. Co.* v. *Thatcher,* 11 N. Y. 104; *Ernst* v. *H. R. R. R. Co.,* 24 How. Pr. 101; *Tiffany* v. *St. John,* 65 N. Y. 314; *Comcl. Bank* v. *Pfeiffer,* 108 N. Y. 242; *Potter* v. *N. Y. C. & H. R. R. R. Co.,* 136 N. Y. 77; *Byrnes* v. *N. Y., etc., R. R. Co.,* 113 N. Y. 257.)

*Michael H. Cardozo* and *Edgar J. Nathan* for respondent. By failing to move a dismissal at the close of the testimony the defendants conceded that the issues were properly submitted to the jury. (*Jung* v. *Keuffel,* 144 N. Y. 381; *Duryea* v. *Vosburgh,* 121 N. Y. 57; *Voisin* v. *C. M. Ins. Co.,* 123 N. Y. 120; *Szuchy* v. *H. C. & I. Co.,* 150 N. Y. 219; Code Civ. Pro. § 1337; *Schwinger* v. *Raymond,* 105 N. Y. 648; *Barrett* v. *T. A. R. R. Co.,* 45 N. Y. 628; *Griffith* v. *S. I. R. T. R. R. Co.,* 89 Hun, 141; *Gundlin* v. *H. A. P. Co.,* 8 Misc. Rep.

291; *Eckensberger* v. *Amend*, 10 Misc. Rep. 145; *C. R. R. Co.* v. *Hawthorne*, 144 U. S. 202.) The contention of the appellants that the evidence does not support, or tend to support, the verdict on which judgment was entered is untenable. (*Luhrs* v. *B. H. R. R. Co.*, 13 App. Div. 126.) The burden of proving ratification was on the defendants. (*Spencer* v. *C. M. L. Ins. Co.*, 142 N. Y. 505; *Seymour* v. *Wyckoff*, 10 N. Y. 213; *Nixon* v. *Palmer*, 8 N. Y. 401; *Reese* v. *Medlock*, 27 Tex. 120; *Wisconsin Bank* v. *Morley*, 19 Wis. 62; *Allis* v. *Goldsmith*, 22 Minn. 123; *Clarke* v. *Lyon Co.*, 7 Nev. 75.) On the conflicting testimony the issues were properly submitted to the jury. (*Stokes* v. *Mackay*, 140 N. Y. 640; *F. Nat. Bank* v. *Dana*, 79 N. Y. 108; *White* v. *Hoyt*, 73 N. Y. 505; *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 247; *Barreda* v. *Silsbee*, 21 How. [U. S.] 146, 168; *Powell* v. *Powell*, 71 N. Y. 71; *Glenn* v. *Garth*, 133 N. Y. 18.)

Bartlett, J. The defendants are Boston stockbrokers and the plaintiff is their customer, residing in Philadelphia.

The transactions involved in this suit took place in February, 1893. The defendants, on the 17th of February, 1893, purchased for the account of plaintiff $10,000 par value Reading railroad third mortgage bonds at forty-two. At the time this purchase was made plaintiff had an open account with the defendants, showing a balance due him of $2,737.41.

This action was brought to recover that balance, ignoring the purchase of the Reading bonds, on the theory that it was unauthorized and duly repudiated.

The action is defended on two grounds: First, that Campbell, a member of the defendants' firm, was given discretionary authority by plaintiff to make such purchases on his account as he (Campbell) thought would be profitable; second, that the Reading bond purchase was subsequently ratified by plaintiff.

There were but two witnesses sworn, plaintiff in his own behalf and defendant Campbell for the defense.

The proofs were supplemented by a number of letters that passed between the parties about the time of this transaction.

The conflict in the evidence was unusually sharp, and the case was submitted to the jury, who found for the plaintiff.

The trial was in the Court of Common Pleas for the city of New York, and the General Term affirmed the judgment entered on the verdict just prior to the time when that court ceased to exist.

A motion was made for reargument in the Supreme Court, Appellate Division, first department, which was granted. On the reargument the judgment was affirmed, Mr. Justice RUMSEY writing the opinion, and Justices PATTERSON and INGRAHAM concurring; Mr. Justice WILLIAMS writing the dissenting opinion and Presiding Justice VAN BRUNT concurring.

The dissenting justices were of the opinion that the verdict was against the weight of evidence.

The first point urged by appellants on this appeal is that the evidence does not support or tend to support the verdict on which the judgment was entered.

The course of the trial was this: At the end of the plaintiff's case the defendants moved for a dismissal of the complaint. The court denied the motion and the defendants excepted.

The defense then put in their evidence and the case was submitted to the jury, without a motion of any kind being made on behalf of the defendants.

It is now insisted that the question of law that there is no evidence to support the verdict is before the court by reason of defendants' exception to the denial of the motion to dismiss at the end of plaintiff's case.

We are of opinion that this exception is not available here for the reason that the motion was not renewed at the close of the whole evidence.

The learned counsel for appellants insists that this is not the rule of practice and cites a number of cases to sustain his contention. The following are the cases cited:

*Ernst* v. *Hudson River R. R. Co.* (24 How. Pr. 97). This

case is not in point, as it presented a single exception upon the refusal of the Circuit judge to nonsuit upon the whole evidence after the testimony had been given by the defendant and both parties had rested.

*Tiffany* v. *St. John* (65 N. Y. 314). Here the motion was made and denied at close of plaintiff's case, and Mr. Commissioner DWIGHT, in the Commission of Appeals, said that the propriety of this ruling could be regarded in the light of the additional evidence taken after the denial of the motion. This same rule is laid down in other cases cited by appellants. (*Painton* v. *Northern Central Railway Co.*, 83 N. Y. 7; *Commercial Bank of Keokuk* v. *Pfeiffer*, 108 N. Y. 242, 252; *McCotter* v. *Hooker*, 8 N. Y. 497, 503; *Jackson* v. *Leggett*, 7 Wend. 377.)

These cases go to the extent of holding that the defendant could not be heard to insist on appeal to this court that his motion to dismiss at the end of plaintiff's case should have been granted, if the defendant's proofs had in any way supplied the defects of plaintiff's case.

Other cases are cited by appellants, but are not in point, as in all of them defendant's motion to dismiss was renewed at the end of the case. (*Schenectady & Saratoga Plankroad Co.* v. *Thatcher*, 11 N. Y. 102, 105; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 N. Y. 251, 257; *Potter* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 77, 80.)

In none of these cases was the point distinctly raised as to the effect of defendant going to the jury after his own case is closed without renewing his motion to dismiss made at the end of plaintiff's evidence.

It is doubtless true that this state of the authorities has proved misleading and tended to create some confusion in the minds of the profession as to the correct practice. It is also true that it may be inferred from some of the cases cited that if defendants' proofs had not supplied the defects of plaintiff's case, the exception at close of plaintiff's evidence would be available here. It, therefore, is desirable that the practice on this point should be settled.

The rule laid down by the Supreme Court of the United States seems the proper one, to the effect that when a defendant, after the close of the plaintiff's evidence, moves to dismiss, and, the motion being denied, excepts thereto, and then proceeds with his case, and puts in evidence on his part, he thereby waives the exception, and the overruling of the motion to dismiss cannot be assigned as error. (*Union Pacific Railway Co.* v. *Daniels*, 152 U. S. 684; *Columbia & Puget Sound R. R. Co.* v. *Hawthorne*, 144 U. S. 202, 206, and cases cited.)

This rule is founded upon reason and convenience.

In a court whose jurisdiction is limited to the review of questions of law, there ought not to be, as a general rule, any necessity to examine the record at large in order to determine whether an exception is available.

The case at bar illustrates this point. It is the contention of appellants that they are entitled to the benefit of the exception taken to the denial of the motion to dismiss at the close of plaintiff's case, as that case was not strengthened, but was clearly weakened by the defendants' evidence.

In other words, this court is to be asked in all cases to examine the evidence of the defendant, no matter how lengthy it may be, to determine whether defendant shall have the benefit of an exception concerning which all doubt would be removed by his renewing the motion to dismiss at the close of the whole evidence.

In holding in the case at bar that we cannot consider the exception taken at the end of plaintiff's case and thus settling the rule of practice, we do not deprive the appellants of any valuable right, as this brief record very clearly discloses, if we were called upon to examine it, questions that were properly submitted to the jury.

The learned counsel for the respondent has cited us to a number of cases where no motion to dismiss was made by defendant at any time during the trial. The rule in such cases has long been settled that the defendant by failing to move concedes there was a question for the jury. (*Barrett*

v. *Third Ave. R. R. Co.*, 45 N. Y. 628, 631; *Schwinger* v. *Raymond*, 105 N. Y. 648, 649; *Hawver* v. *Bell*, 141 N. Y. 140, 143; *Pollock* v. *Pennsylvania Iron Works Co.*, 157 N. Y. 699; *Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437.)

It follows that the verdict of the jury must stand and the judgment entered thereon should be affirmed, unless there are exceptions disclosed by the record that entitle the defendants to a reversal.

Only one exception is relied on : In the cross-examination of the defendant Campbell, the plaintiff's counsel was allowed to show by the witness, in a series of questions, over defendants' objection, that the amount of bonded indebtedness ahead of the third mortgage bonds purchased for the plaintiff, was the sum of about eighty millions of dollars.

It is urged that this evidence was immaterial and greatly prejudiced the defendants before the jury.

This evidence was competent, for the reason that defendant Campbell claimed a general discretionary power to make purchases for the account of plaintiff, and had put in evidence a letter showing that the bonds in question had gone off in price from sixty to forty-two just prior to the purchase, the inference being that it was a wise exercise of his alleged discretion, and which, of course, opened up the question of good faith. It was doubtless competent for the defendant to show, if possible, a proper exercise of his discretion by a recent fall in the price of the securities; but it was also competent for plaintiff to introduce proof tending to a contrary conclusion by showing that these third mortgage bonds were behind eighty millions of indebtedness and practically a hopeless speculative purchase.

The judgment appealed from should be affirmed, with costs.

All concur (HAIGHT, J., in result upon the ground that there was evidence that required the case to be submitted to the jury).

Judgment affirmed.