(29 Misc. Rep. 300.)

### WRIGHT v. MAY.

(Supreme Court, Appellate Term. October 25, 1899.)

1. APPEAL—RULES APPLICABLE TO SUPREME COURT.
    The rules governing the court of appeals on appeal from the supreme court are applicable on appeal from the city court to the supreme court.
2. SAME—MOTION FOR DISMISSAL—EXCEPTIONS—WAIVER.
    An exception to the denial of a motion for dismissal at the close of plaintiff's case is not available on appeal to the supreme court, where defendant proceeded with the trial, and went to the jury without renewing the motion at the close of the whole evidence, for he thereby conceded that there was a question for the jury.

Appeal from city court of New York, general term.

Action by Frederick W. Wright against Louis A. May. From a judgment of the general term of the city court affirming a judgment for plaintiff entered on a verdict, and also an order denying a new trial (57 N. Y. Supp. 1151), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. Quintus Cohen, for appellant.
Charles W. Zaring, for respondent.

FREEDMAN, P. J. This action was brought to recover the sum of $369.40 claimed as a balance due the plaintiff by the terms of an alleged agreement entered into between the plaintiff and the defendant, in which the defendant agreed to pay the plaintiff the sum of $4 per 100 shares on all purchases and sales of stock which should be made by or through defendant's firm by or to persons influenced by the plaintiff to trade with said firm. The case was tried before a jury, who rendered a verdict in favor of the plaintiff for the sum of $153.40. At the close of the plaintiff's case the defendant made a motion to dismiss the complaint, which motion was denied, and an exception duly taken thereto. This motion was not renewed, and, as appears by the record, at the close of the testimony the case was submitted to the jury without any charge by the court. "The position of this court with respect to the city court is the same as that occupied by the court of appeals in regard to this court; and the rules that govern the court of appeals in passing upon appeals from the supreme court are applicable to matters before this court." McEteere v. Little, 8 Daly, 167; Keller v. Feldman, 2 Misc. Rep. 179, 21 N. Y. Supp. 581; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687; Carney v. Reilly, 18 Misc. Rep. 11, 40 N. Y. Supp. 1123. "An exception to the denial of a motion for the dismissal of a complaint at the close of the plaintiff's case is not available in the court of appeals to present a question of law that there is no evidence to support a verdict, where the defendant, after denial of the motion, proceeded with his case, and went to the jury without having renewed the motion to dismiss at the close of the whole evidence." Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27. "A defendant failing so to move for a dismissal of the complaint concedes that there is a question for the jury." Hopkins v. Clark, supra. If heretofore there could have been any doubt regarding the question decided above, it has been fully considered and finally settled by the foregoing recent decision in the court of last resort in this state. As a careful examination of the several exceptions taken by the defendant during the trial does not disclose such error as to require a reversal of the judgment in the case at bar, the judgment must be affirmed.

Judgment of the general term affirmed, with costs. All concur.