(31 Misc. Rep. 474.)

LEBER et al. v. CAMPBELL STORES.

(Supreme Court, Appellate Term. May 1, 1900.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
      Where the evidence is conflicting, its weight will not be determined on appeal.

2. SAME—REVERSIBLE ERROR—EXCESSIVE DAMAGES.
      A judgment rendered on the verdict of a jury will not be reversed on the ground that the damages are excessive, if there is any evidence to sustain the verdict.

3. SAME—MOTION TO DISMISS COMPLAINT—WAIVER OF ERROR.
      The introduction of testimony by defendant after the denial of a motion to dismiss the complaint, made when plaintiff has rested, waives any exception to the ruling at such stage of the trial, and upon appeal the motion must be considered in the light of all the evidence in the case.

**4. NEGLIGENCE—EVIDENCE—INVOLUNTARY DISMISSAL.**
    A complaint for damages for injuries done to plaintiff's property while in defendant's possession should not be dismissed on motion of defendant, if the evidence shows that any property was damaged to any extent.

Appeal from city court of New York, general term.

Action by Edward F. Leber and others against Campbell Stores for damages to property while in defendant's possession. From a judgment for plaintiffs, affirmed by general term (62 N. Y. Supp. 1124), defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Hyde & Leonard, for appellant.

Morris J. Katz (Herbert R. Limburger, of counsel), for respondents.

PER CURIAM. It has frequently been held that in determining an appeal from a judgment entered on the verdict of a jury this court cannot consider the weight of the evidence. Meyers v. Cohn, 4 Misc. Rep. 185, 24 N. Y. Supp. 356; Bogan v. Wright, 22 Misc. Rep. 94, 48 N. Y. Supp. 546, and cases there cited. Nor can this court reverse such a judgment on the ground that the damages are excessive, if there is any evidence to sustain the verdict. This leaves us simply to determine the validity of the exceptions taken by the appellant on the trial. The defendant, by introducing testimony after the denial of the motion to dismiss the complaint, made when plaintiff rested, waived his exception to the ruling, and the motion to dismiss must be considered upon all the evidence in the case. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27; Jones v. Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321. The case contains testimony tending to show that the defendant negligently allowed certain property belonging to the plaintiff to become damaged while in the defendant's possession. If any property was damaged to any extent under such circumstances, the motion to dismiss was rightly denied. As has been shown, we cannot consider whether the verdict was against the weight of evidence, or whether the damages were excessive. The exceptions to the evidence were not well taken; in fact they were not discussed by the appellant on the brief.

Judgment and order appealed from are affirmed, with costs.