partment. November 21, 1902.) Action by Michael J. Ginna against Thomas M. Farley. No opinion. Judgment of the municipal court affirmed, with costs.

GOLDBERG, Respondent, v. GROTTJEAN, Appellant. (Supreme Court, Appellate Division, Second Department. December 2, 1902.) Action by Max Goldberg against Mary Grottjean. No opinion. Judgment of the municipal court affirmed, with costs.

GOTTSCHALK, Respondent, v. JUNGMAN, Appellant. (Supreme Court, Appellate Division, First Department. January 9, 1903.) Action by Louise Gottschalk against Julius Jungman, impleaded with others, to foreclose a mortgage. From a judgment awarding plaintiff a deficiency judgment, defendant Jungman appeals. Reversed. Joseph Fettretch, for appellant. Chas. H. Collins, for respondent.

HATCH, J. The above-entitled action is precisely similar to the case of Gottschalk v. Jungmann (handed down herewith) 79 N. Y. Supp. 551, the only difference being that it is another mortgage upon other premises; but the facts governing the rights of the parties are the same as in the other case, and the judgment should be the same, and it calls for a reversal of the judgment and the granting of a new trial, with costs to the appellant to abide the event.

INGRAHAM and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., and PATTERSON, J., dissent.

GREENE, Appellant, v. BURNAP, Respondent. (Supreme Court, Appellate Division, Third Department. November 12, 1902.) Action by William W. Greene, as administrator, etc., against Elizabeth Burnap. No opinion. Order affirmed, with $10 costs and disbursements.

GREENE, Respondent, v. KNOX et al., Civil Service Com'rs, Appellants. (Supreme Court, Appellate Division, Second Department. December 9, 1902.) Action by J. Warren Greene against Charles H. Knox and others, as civil service commissioners, etc., Bird S. Coler, as comptroller, etc., Michael C. Murphy, as police commissioner, etc., Edward A. Gaus, James Gannon, and John J. Lantry. No opinion. Order resettled so as to allow one bill of costs and disbursements to the attorney for Edward A. Gaus, and one bill of costs and all disbursements to the attorneys for the defendants Gannon and Lantry.

GROSSMAN, Respondent, v. SCHEINDELMAN, Appellant. (Supreme Court, Appellate Division, Second Department. November 21, 1902.) Action by Jacob Grossman against Samuel Scheindelman. No opinion. Reargument ordered, and case set down for Monday, November 24, 1902.

GROSSMAN, Respondent, v. SCHEINDELMAN, Appellant. (Supreme Court, Appellate Division, Second Department. January 16, 1903.) Action by Jacob Grossman against Samuel Sheindelman. From a judgment for plaintiff, defendant appeals. Reversed. Herman S. Bachrach, for appellant. Francis A. McCloskey, for respondent.

PER CURIAM. Judgment of the municipal court affirmed, with costs.

WOODWARD, J. (dissenting). This action was brought to recover commissions on the sale of certain real estate. At the close of plaintiff's case, defendant moved to dismiss the complaint on the ground that the contract required Grossman to secure a purchaser within 10 days. This motion was denied, and defendant excepted, but at the close of all the evidence he failed to renew his motion to dismiss, and he must therefore be deemed to have waived the question of law upon the point suggested, and to have conceded that there was a question for the jury. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27. We are, however, of the opinion that the verdict of the jury is against the weight of evidence, and that the plaintiff failed to establish that he ever brought to the defendant a person who was able and willing to purchase the premises upon the terms named by the defendant. The fact that the person who was introduced to the defendant by the plaintiff subsequently took title to the property, under the circumstances disclosed by the evidence, and which is not disputed or discredited in any way, is not evidence that the plaintiff was the procuring cause of the sale. The plaintiff's case is so vague and uncertain, and the evidence on which the recovery is based is so slight, that considerations of justice require that the judgment should be reversed, and a new trial had, with costs to abide the event. The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event.

GOODRICH, P. J., concurs.

GUNSAUL, Respondent, v. GRANNIS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 18, 1902.) Action by John S. Gunsaul against Charles W. Grannis and another. No opinion. Judgment and order affirmed, with costs.

HISCOCK, J., dissenting on the ground that the verdict is contrary to the evidence.

HADDOCK, Respondent, v. HADDOCK, Appellant. (Supreme Court, Appellate Division, First Department. November 7, 1902.) Action by Harriet Haddock against John W. Haddock. C. W. Fuller, for appellant. H. B. B. Stapler, for respondent. No opinion. Judgment affirmed, with costs.

HALL, Appellant, v. McGUIRE, Respondent. (Supreme Court, Appellate Division, First Department. December 5, 1902.) Action by Charles W. Hall against James C. McGuire. L. Skidmore, for appellant. R. C. Taylor, for respondent. No opinion. Judgment affirmed, with costs.

HAMLIN v. STEVENS et al. (Supreme Court, Appellate Division, Fourth Department. December 9, 1902.) Action by Charles A. Hamlin, as administrator, etc., against Julia E. Stevens and others. No opinion. Judgment affirmed, with costs.