## EXCEPTIONS TO REFUSAL TO GRANT NON-SUIT WAIVED BY INTRODUCING EVIDENCE.

Circuit Court of Stark County.

WILLIAM DANNEMILLER, AUGUST DANNEMILLER AND THE CITY OF
CANTON v. ANNIE ZIMMERMAN AND JESSE B. MILLER.

Decided, February, 1903.

*Pleading and Practice—Trials—Misjoinder Waived by Not Demurring
Specially or Pleading it—Judgment Against Several Joint Defend-
ants Treated as Entirety—Petition in Error Not Dismissed for
Misjoinder of Parties Plaintiff, When—Exceptions to Refusal to
Grant Non-Suit Waived by Introducing Evidence.*

1. Where a defendant files a general demurrer which is overruled, but
   does not demur on the special ground of misjoinder of parties de-
   fendant and files an answer which does not raise the question of
   misjoinder, it is thereby waived.
2. When a joint judgment was obtained against several defendants who
   were improperly joined, and upon an appeal or proceedings in error
   in a higher court it is determined that the judgment was improper
   as to one of them, it can not be affirmed as to one and reversed
   as to another but must be reversed as an entirety.
3. A motion to dismiss a petition in error on the ground of mis-
   joinder of parties plaintiff in error will be overruled where, had
   separate petitions in error been filed, a reversal as to one plaintiff
   in error would set aside the judgment as to all the plaintiffs in
   error.
4. Where a defendant, at the close of plaintiff's evidence, moves to dis-
   miss the complaint, and the motion being denied excepts to the rul-
   ing and then proceeds with the case and puts in evidence on his
   part, he thereby waives the exception.

*C. F. Meyer,* for the Dannemillers.
*D. C. Hughes,* City Solicitor, for city of Canton.
*Craine & Snyder* and *Sterling & Brancher,* contra.

WINCH, J. (sitting in place of Judge McCarthy); VOORHEES,
J., and DONAHUE, J., concur.

Annie Zimmerman brought her action in the Common Pleas
Court of Stark County against Jesse B. Miller, William Danne-
miller, August Dannemiller, Edward Dannemiller, Julius Danne-

miller and the city of Canton, defendants below, for damages sustained by her by reason of an injury which she claimed she received on January 7th, 1901, caused by her falling into a coal hole covered with an iron covering in the sidewalk on East Fifth street, between Market and Peadmont streets, in the city of Canton.

In her petition she alleges that the Dannemillers without any authority or without any right having been given by the city of Canton, built said coal hole in said sidewalk and maintained the same and used it for the purpose of putting coal into their cellar, they being the owners of the block adjacent to said sidewalk; that said coal hole was dangerous to persons traveling on said sidewalk, who were liable to fall into said coal hole unless the same was properly guarded by placing or keeping a safe covering over said coal hole; all of which was fully known to said Dannemillers on the day of said accident and ever since the construction of said coal hole; that the city of Canton, on the day of the accident and for a number of years prior thereto, knew that said coal hole had been placed in said sidewalk; knew of the dangerous character of it; and that persons traveling on said sidewalk were liable to fall into it unless the same was guarded by some safe and suitable covering, or by the exercise of ordinary care could have discovered the same; and that said city took no steps to abolish the same or to guard said hole or to see that said hole was properly and securely covered although said city knew or by the exercise of ordinary care could have known that unless the same was done, travelers upon said sidewalk might fall into said coal hole; that on the day of the accident, the defendant, Jesse B. Miller, removed the lid covering said coal hole and put a load of coal into it, after which he carelessly and negligently replaced said covering in such a manner that the same did not cover all of the coal hole and would tilt and allow persons who might step upon the same to fall into said coal hole; that on the day of the accident, the plaintiff, while walking upon said sidewalk, without any knowledge of said coal hole or the manner in which the covering had been placed, without any fault or negligence upon her part, stepped upon said covering, when the same tipped and allowed

the plaintiff to fall into said coal hole; whereby she received severe personal injuries, for which she claimed damages against the defendants.

The defendant, Jesse B. Miller, filed an answer admitting that the defendants, Dannemillers, had a certain coal hole constructed in front of their premises in the sidewalk covered with an iron covering, which they kept and maintained for their convenience for putting coal into their cellar; and that the city of Canton had knowledge of the existence of said cellar, coal hole and covering; that he did not know whether said covering of said hole was properly constructed or not and did not know whether or not the same was dangerous to pedestrians and therefore denies that it was not properly and safely constructed and that it was dangerous to pedestrians; he admitted that on the day of the injuries complained of he removed said covering and delivered a load of coal therein for and at the request of the defendants, the Dannemillers; but denied that he carelessly and negligently replaced the said covering; and denying all other allegations of the petition, he affirmed that if the plaintiff received any injury, such injury was not caused by any fault or negligence of his, but was caused by the negligence of others and that the plaintiff herself was guilty of contributory negligence.

To this answer of Jesse B. Miller a reply was filed by plaintiff denying that she was in any manner guilty of contributory negligence.

William Dannemiller and August Dannemiller were the only ones of the four Dannemillers who were served with summons and they answered, admitting the existence of the coal hole, its covering and the purpose for which it was used; but denied that the same was built without authority from said city, but on the contrary affirmed that they were fully authorized by the city to build and maintain the same. They further denied that the coal vault was dangerous to travelers upon the sidewalk or that persons were liable to fall into said coal hole or that the same was not properly guarded. On the contrary they allege proper construction of the same and of the covering; that it was in proper repair and perfect condition on the day of the injuries complained of and in no wise dangerous to persons walking

on the sidewalk; and that on the said day they exercised extreme care and diligence in keeping the same perfectly safe. They deny that the plaintiff was injured as stated in her petition, or suffered damages in any sum and affirmed that if she did it was not from their want of care but from her own negligence. To this answer the plaintiff filed a reply denying the allegations of said answer, and that the plaintiff was injured from her own negligence.

The city of Canton filed an answer to the petition alleging that said coal hole was properly constructed and so placed and located as not to be an obstruction of said sidewalk and that it was not dangerous or unsafe; that on the day of the injuries said coal hole was substantially level with the balance of the sidewalk and covered with a proper iron covering: that if the plaintiff was injured it was not the fault of the defendant, but because of the fault and negligence of other persons independent of the city of Canton or its officers or agents, and without any knowledge or notice to the city of Canton, or because of the plaintiff's own negligence.

To this answer the plaintiff replied, denying that her injuries were in any manner or degree caused by her own negligence.

Previous to filing its answer the city of Canton had demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action against the city, which demurrer was overruled.

The case was tried to a jury which returned a verdict in favor of the plaintiff in the sum of $900 against the defendants, William Dannemiller and August Dannemiller and the city of Canton, on which verdict judgment was rendered against them.

A petition in error was filed in this court on June 11, 1902, together with a bill of exceptions and transcript of the docket and journal entries.

According to said transcript it appears that said judgment was rendered on February 14th, 1902, and a motion for a new trial filed by the city on February 18th, 1902, and on the same day similar motion by the Dannemillers, both of which motions were overruled on the 4th day of March, 1902, and said defendants allowed fifty days in which to prepare their bill of excep-

tions; and that said bill of exceptions was allowed and filed on the 18th day of April, 1902. Petition in error was filed in this court June 11, 1902. In this court, the defendant, Annie Zimmerman, has filed a petition to strike from the record the bill of exceptions for the reason that the same was not allowed and signed by the trial judge within the time provided for by law and was not filed by the clerk of the court and made a part of the record in the time allowed by law. This motion calls attention to the fact that it appears by the transcript that the motion for a new trial was not filed until four days after the rendition of the judgment, and that for this reason the court below did not have jurisdiction over said motion and therefore the bill of exceptions should be stricken from the files. The plaintiffs in error, suggesting a diminution of the record, have been permitted to file a new transcript, showing that as a matter of fact the verdict and judgment were on February 15, 1902, and the motion for a new trial on February 18, 1902, thereafter was within three days but it is objected by the defendants in error that the time limited by the statutes for the filing of a transcript, to-wit, four months from the date of the overruling of the motion for a new trial, has gone by and that plaintiffs in error should not be permitted to file the same. We are referred to the cases found in 59 O. S., 221, and 18 C. C., 315, which appear to be decisive of this point; but reserving to the defendants in error their exceptions in order that they may have the benefit of them should the case go to the Supreme Court, we have overruled the motion and will consider the bill of exceptions before us.

The defendant in error, Annie Zimmerman, has filed a motion to strike off the petition in error and dismiss the same for the reason that there is a misjoinder of plaintiffs in error. The plaintiffs in error, or the two Dannemillers, owners of the building and coal vault, charged with negligence in maintaining the coal vault improperly covered, and the city of Canton, charged with negligence in knowingly permitting an improperly constructed and unsafe coal hole to remain in the sidewalk of a much traveled public street, are joined as plaintiffs in error, and to sustain this motion we are referred to the case in 61 O. S., 394, the second paragraph of the syllabus of which reads as follows:

"Separate judgments rendered against separate parties on separate causes of action, though rendered in favor of the same party, in a proceeding involving priority of right between parties in the distribution of a fund, give rise to separate rights to prosecute error, and the parties against whom such separate judgments are rendered can not unite in prosecuting error; there is in such cases a misjoinder of parties plaintiff."

And it is contended that although a joint judgment is based upon concurrent and related torts; that said torts are not joint, as held in the case of *Morris* v. *Woodburn*, 57 O. S., 335, and that therefore the rights of the plaintiffs in error are to prosecute several and not joint proceedings in error. In other words, the defendant in error, Annie Zimmerman, says that she had no right to recover in the common pleas court a joint judgment against the city and the Dannemillers but having recovered the same the plaintiffs in error have not a joint right to prosecute error thereon. She says, however, that the reason her joint judgment is good is because the demurrer filed by the city of Canton was general and did not specify either the sixth or seventh grounds of demurrer mentioned in Section 5062 of the Revised Statutes; that is, that several causes of action are improperly joined or that separate causes of action against several defendants are improperly joined, and having failed to demur on these special grounds, and having failed to answer setting up said grounds as a defense, the objections are waived, as provided in Section 5064, Revised Statutes. The sixth circuit court has so held in the case of *Beechery* v. *Booth*, 9 C. C., 469, and we follow that ruling.

The court stated in the case in 61 O. S., 394, that it had no doubt where the title is common and all must prevail or none, all may unite in the proceeding for a review of an adverse judgment. It would seem in view of the rendition of the joint judgment in this case, that the plaintiffs in error may unite in a petition or error since all the plaintiffs in error must prevail or none upon such proceeding, and it does not appear that the joinder affects any substantial right of the defendants in error. While the authorities are conflicting as to the union of interest where an original action is brought upon a joint judgment which

may be void as to one party and good or only voidable as to another, Black, in his *Treatise on Judgments*, Section 211, says:

"When we inquire as to the probable disposition to be made of the joint judgment against several defendants, which is void as to one of them, when it is brought before a court of review by writ of error or appeal, we find the authorities more nearly harmonious. In general they agree that it can not be affirmed as to one defendant and reversed as to another, but must be reversed as an entirety."

Taking this view of the case, had separate petitions in error been filed by the city of Canton and the Dannemillers, should the judgment be found erroneous under the allegations of either petition in error, the entire judgment against all the defendants below would have to be set aside. This view of it seems to be sustained by the Supreme Court of this state in the case in 24 O. S., 625.

The motion to dismiss the petition in error for misjoinder of parties plaintiff in error is therefore overruled.

We come now to an examination of the merits of the case and the errors complained of in the petition in error, as exhibited by the bill of exceptions.

At the hearing no error in the charge was insisted upon, and we think the charge fair and in accordance with the law of the case as presented to the court.

The city of Canton, however, complains that the court below erred in overruling its motion for a non-suit at the close of the plaintiff's testimony; that said testimony did not show that the city had either actual or constructive knowledge of the condition of the coal hole and that said coal hole was not a nuisance *per se*. The record shows, however, that after the overruling of said motion testimony was introduced tending to show the knowledge of the city of the dangerous construction and condition of the coal hole. Such being the case the authorities all agree that a verdict will not be set aside because a non-suit was denied.

"Where a defendant, at the close of plaintiff's evidence, moves to dismiss the complaint, and the motion being denied, excepts to the ruling and then proceeds with the case and puts in evidence on his part, he thereby waives the exception." *Hopkins*

v. *Clark*, 158 N. Y., 299; *Jackson* v. *Leggett*, 7 Wend., 377; *Berton* v. *Kane*, 17 Wisc., 37; *Perkins* v. *Thornburgh*, 10 Cal., 189; *Oakes* v. *Thornton*, 28 N. H., 44; *U. P. Ry. Co.* v. *Daniels*, 152 U. S., 684.

Judgment is affirmed.