FAULKNER v. CORNELL.

(Supreme Court, Appellate Division, First Department. February 20, 1903.)

1. TRIAL—MOTION TO DISMISS—EXCEPTION—WAIVER.

Where, at the close of plaintiff's evidence, defendant moved for a dismissal on the ground of failure of proof, and excepted to the order overruling his motion, but did not renew the motion at the close of the evidence, or request the court to direct a verdict in his favor or except to the charge, he waived his exception, and conceded that there was a question of fact to be determined by the jury.

2. SAME—VERDICT—WEIGHT OF EVIDENCE.

A defendant, by conceding that there was a question of fact for the jury, did not waive his right to contend that the verdict, if rendered in favor of the plaintiff, would be against the weight of the evidence.

·3. SAME—COMMISSION FOR LOAN—EVIDENCE—VERDICT.
   Evidence in an action to recover a commission for negotiating a loan examined, and *held* insufficient to justify a verdict for plaintiff.

Appeal from Trial Term, New York county.

Action by Charles S. Faulkner against John M. Cornell. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Lemuel Skidmore, for appellant.
T. A. Stoddart, for respondent.

LAUGHLIN, J. The action is brought to recover a commission ·of 1 per cent., aggregating the sum of $1,250, for procuring a loan of $125,000 upon the defendant's bond and mortgage upon real estate owned by him. On the 14th day of May, 1902, the defendant obtained ·a loan from the Brooklyn Savings Bank of $125,000 at 4½ per cent. It is upon this transaction that plaintiff claims a commission. At the ·close of the plaintiff's case counsel for the defendant moved for a dismissal of the complaint on the ground that the plaintiff failed to show that he was authorized to procure the loan. The motion was denied, .and counsel for the defendant excepted. The motion was not renewed at the close of the evidence, nor did the defendant request the court ·to direct a verdict in his favor. There was no exception to the charge, .and the jury rendered a verdict in favor of the plaintiff for the full. amount of his claim. The appellant, by failing to move for a dismissal of the complaint or direction of a verdict at the close of the evidence, waived his exception to the denial of his motion for a nonsuit, .and conceded that there was a question of fact to be determined by the jury. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27. One of the .grounds of the motion for a new trial was, however, that the verdict is against the weight of the evidence, and since, under the rule in McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282, if there was any conflict in the evidence the court could not direct a verdict for the defendant upon the theory that an adverse verdict would be set aside as against the weight of the evidence, it is clear that appellant, ·by conceding that there was a question of fact, did not waive his right to contend that the verdict, if rendered in favor of the plaintiff, would ·be against the weight of the evidence. The verdict of the jury, if not against the evidence and wholly unsupported thereby, is clearly against the weight of the evidence. The evidence on the part of the ·plaintiff showed that he was employed by the defendant to procure a loan of ·$150,000 at 4 per cent.; that through another broker, with whom he was associated, he applied to the Brooklyn Savings Bank, where the application was considered, and declined, with the suggestion that the ·bank would consider an application for a loan on the same property of $125,000 at 4½ per cent.; that this information was communicated to the defendant, and at his suggestion to his attorney, who declined to act on the suggestion. The plaintiff left with the attorney for the defendant the letter from the bank declining the application, and offering

to consider an application for a loan of a smaller amount, and the jury evidently drew the inference, which we think was not unwarranted, that acting on this information an application was subsequently made by the defendant to the same bank, through another agent, and the loan procured and made. The complaint alleges that he was employed to and did procure this particular loan, but that the defendant refused to accept it from him, and afterwards obtained it on the acceptance procured by the plaintiff; and the recovery must be sustained on that theory or not at all. A finding of bad faith on the part of the defendant in first rejecting and subsequently utilizing the information acquired and furnished by the plaintiff could not be sustained. At the time the bank denied the application for a loan of $150,000 the defendant was anxious to procure a loan in that amount, and it was important that he should·do so if possible, for the object of the loan was to pay· off a mortgage of $150,000 on the same property, which was due and being pressed for payment. He subsequently endeavored to obtain a loan for this amount, but was finally obliged to take what he could get. He then, at most, made use of the information communicated to him by the plaintiff in negotiating the loan that was finally made. It may well be that the defendant would not have employed the plaintiff or have been willing to pay him a commission in procuring a loan for $125,000 at 4½ per cent. The express evidence is all to the effect that the agent through whom the loan was finally effected had no knowledge of the previous application of the plaintiff to the bank, or of its having considered any proposition for a loan on the property, but, as has been observed, the circumstances were peculiar, and the inference has evidently been drawn by the jury that the information obtained by the plaintiff was used by the defendant. If so, the conduct of the defendant in employing another broker rather than the plaintiff to make the application for a loan in the amount which the bank suggested to the plaintiff that it would consider is not commendable, but, as has been stated, does not authorize a recovery of commissions on a loan which the plaintiff was not employed to negotiate and in fact did not procure. The bank merely offered to him to entertain an application, and did not determine to make the loan until the subsequent application was made to it by another agent.

We have not overlooked the fact that the plaintiff testified that the defendant at the time of the original employment said, in substance, that if the plaintiff could not procure a loan for $150,000 to get $140,000 or $135,000 or even less, and he would make up the difference necessary to pay off the mortgage. This testimony is contradicted by the testimony of the defendant, and is in conflict with the testimony of Paretzwelder, a broker who accompanied the plaintiff at the time of his second interview with the defendant, and with other testimony given by the plaintiff himself, and the verdict cannot be sustained upon it.

It follows, therefore, that the judgment and order should be reversed upon the ground that the verdict is against the weight of the evidence, and a new trial granted, with costs to appellant to abide the event. All concur.