JOHN H. McDOWELL, Respondent, *v.* THE SYRACUSE LAND & STEAMBOAT Co. et al., Appellants.

(County Court, Onondaga County, August, 1904.)

Motion for a nonsuit — It must be made at the end of the case as well as at the end of the plaintiff's proof — The fact that the defendant's proofs did not change the situation is immaterial.

Where, at the close of the plaintiff's case, the defendant makes a motion for a nonsuit, and, after excepting to the denial thereof, proceeds to put in his proof, if he neglects to renew his motion for a nonsuit at the close of all the evidence, he will be deemed to have waived his previous exception and to admit that the evidence is sufficient to warrant the submission of the case to the court or jury.

In such a case it is not material that the evidence given upon the part of the defendant did not change the situation from that existing at the close of the plaintiff's evidence.

APPEAL by the defendant from a judgment in favor of the plaintiff.   Action to foreclose a mechanic's lien.

Stone, Gannon & Petit (A. H. Sheldon, of counsel), for said defendant the Syracuse Land & Steamboat Company, appellant.

John H. McCrahon, for respondent.

EGGLESTON, J.   The plaintiff herein brought this action for the foreclosure of a mechanic's lien, making the Syracuse Rapid Transit Company, the Syracuse Land & Steamboat Company and others defendants.

• Upon the submission of the case, the court gave judgment for the Syracuse Rapid Transit Railway Company against the plaintiff, and gave judgment in favor of the plaintiff against the defendant, the Syracuse Land & Steamboat Company, for the sum of $742.13, being the amount of the plaintiff's claim allowed, together with costs of the action.

The defendant, the Syracuse Land & Steamboat Company, appeals from the judgment rendered.

From the reading of the evidence, it is apparent that the plaintiff proceeded, upon the trial, with the purpose of recovering judgment against the Syracuse Rapid Transit Railway Company and endeavoring to make that company liable for the amount of damages, which it is claimed the plaintiff sustained, and it is equally noticeable that the defense, upon the trial, substantially lost sight of the other defendants and turned all of its force and skill toward the defeat of the recovery of the judgment against the defendant, the Syracuse Rapid Transit Railway Company.

The trial court has found, as matter of fact, that the evidence shows that Mr. Gannon and Mr. Connette were the agents for the Syracuse Land & Steamboat Company, and had authority to authorize and consent to the improvements which were made upon the lands of the steamboat company, and that the improvements made had inured to the benefit of the company, and, as there is some evidence tending to prove that fact, though slight, it may be said that that question of fact has been found in favor of the plaintiff.   Certainly the judgment rendered is according to the equity of the case, and, if possible, should be sustained.

The defendants, the Syracuse Rapid Transit Railway Company and the Syracuse Land & Steamboat Company, united in their answer in the action and appeared by the same attorneys.

For a period of years it would seem that the business of the steamboat company had received but little attention, if

any, at the hands of the officers of the company.   Mr. Kuntzsch, who seems to be about the only remaining officer of the company, and who was at one time its secretary, is not quite sure whether he is now an·officer or not.   He states that he would not be sure whether he had ever resigned his office, that there was some talk about having the matter closed up, and that he suggested that the matter be closed up and that the company have new officers elected.   Whether it was done or not he could not say, or whether he resigned he could not say, but, so far as he did know anything about it, there had never been any new officers elected.   It is admitted, however, that Mr. Kuntzsch is vice-president of the company, and it can be safely said that, as such officer, he did not give attention to the business of the company.   At one time he was upon the premises of the company and saw the improvements that were being made, but paid no particular attention to them.

Ninety-two of the one hundred shares of stock of the land and steamboat company were negotiated and purchased for the railway company, Mr. Kuntzsch assisting to that end.

It is very evident that, for several years past, and at the time the improvements were made upon the lands of the ·steamboat company the business affairs of the company were controlled exclusively by the officers of the railway company.   The evidence very substantially shows this fact.

Mr. Gannon was president of the railway company and Mr. Connette vice-president · and general manager of the company, and, during the time the improvements were being made, frequently visited the property, and the plans of the proposed improvements were submitted to them.   In fact, they seemed to have entire control of the work which was taking place, in pursuance of the contract made for the improvements.

The witness Robinson testified upon the trial to a conversation had between Gannon and Connette at the time of the signing of the lease, which conversation shows quite conclusively that they were giving directions and instructions as to the improvements to be made upon the lands of the land and steamboat company, which lands were controlled by the

railway company. He says: "Mr. Gannon and Mr. Con-
nette both explained. They told me to take the land and
any land I wanted between the railroad tracks there, it
virtually belonged to them. I went to Mr. Gannon and asked
him for instructions. He said take any of it or all of it.
They came up and examined the improvements and they
said 'we compliment you on the work and the way you are
getting along.' They were there a number of times."

While it may be said that this evidence as to the conver-
sations with Gannon and Connette was objected to, it is a
significant fact that it was only objected to as not binding
on the railway company. No objection was made to it as
against the land and steamboat company, though the same
attorneys were appearing for both companies. It is not ap-
parent why it was objected to upon the part of the defendant
appealing, unless it is to be construed as a concession that
the land of the company virtually belonged to them and that
they had the right to direct the improvements to be made.

Other evidence of like character and force was given by
the witness without any objection. "Q. Where is the prop-
erty that Mr. Gannon and Mr. Connette told you they par-
ticularly owned and you could use it? A. They said they
owned everything between the railroad tracks, down from the
line of the railroad to the water front. Q. What did they
say? A. They said they controlled the property from the
railroad, from the B. & O. railroad, to the Iron Pier building
and down as far as the mouth of Onondaga Creek. Q. What
else did they say? A. They said go ahead and take posses-
sion of it, I would not be interfered with at all, they con-
trolled all of that property, pay no attention to this street."

In the lands referred to are included the lands of the de-
fendant. If objected to by the defendant appealing, it would
have been error to have received this evidence, and it is not
easy to understand why objection was not made, unless it
was conceded by the defendant that Gannon and Connette
had the right to speak for and bind the defendant in the
matter, especially when considered in the light of the fact
that the defendant railway company and the defendant land
and steamboat company appear in the action by the same

attorneys, who object to only a portion of the evidence as against the railway company alone.

Another fact which shows, upon the trial, a tacit admission of the liability of the defendant, the land and steamboat company, is the very loose and indefinite motion for a nonsuit made at the close of the plaintiff's testimony, as that motion seems to be confined to a motion made by the railway company, and was not intended to be a motion for a nonsuit in favor of the defendant, the land and steamboat company.

So that, from the evidence given upon the trial, the court might find, as matter of fact, that, under the existing circumstances in the case, the ownership of the stock of the land and steamboat company, the manner in which its business has been conducted for some time, the evidence received of the acts of Gannon and Connette, without objection, that they were acting for the land and steamboat company, and that the improvements made were really made for the benefit of the land owned by the land and steamboat company, but equitably owned by the stockholders of the railway company, and that they were agents with power to act in the matter.

While the record does not disclose just what disposition of the nonsuit was made, it may be inferred that it was denied, as the defendant immediately proceeds to the giving of testimony upon the part of the defense. At the close of the evidence no motion was made, upon the whole evidence, for a nonsuit, and the case was submitted upon the evidence. From this course of procedure it may be taken for granted that the defendant admitted that there was evidence sufficient to warrant the submission of the case upon the facts presented, and if that fact has been decided adversely to it, it cannot prevail upon this appeal.

In the case of Hopkins v. Clark, 158 N. Y. 299, the court has, with a purpose and intent to do so, settled the practice on this point and stated the rule as follows: " The rule laid down by the Supreme Court of the United States seems the proper one, to the effect that when a defendant, after the close of the plaintiff's evidence, moves to dismiss,

and, the motion being denied, excepts thereto, and then proceeds with his case, and puts in evidence on his part, he thereby waives the exception, and the overruling of the motion to dismiss cannot be assigned as error."

The rule has been settled, for a long time, that a defendant, by failing to move for a nonsuit, concedes that there was a question for the court or jury to decide as between the parties. Hecla Powder Co. v. Sigua Iron Co., 157 N. Y. 437; Pollock v. Pennsylvania Iron Works Co., id. 699; Hopkins v. Clark, 158 id. 299.

It may be urged, however, that the evidence given upon the part of the defendant did not change the situation of the case from what it was at the close of plaintiff's evidence and thus relieve the defendant from the rule referred to.

There was no well-defined motion for a nonsuit for the defendant appealing made upon the trial, and, even if the motion made is to be considered as a motion made in favor of both defendants, then the rule referred to in this case should prevail.

In the case of Hopkins v. Clark, *supra,* the court states, inferentially, that even though the evidence of the defendant did not strengthen the plaintiff's case, but, on the contrary, weakened it, still the rule referred to should be followed.

This appeal presents a case where the judgment appealed from should be sustained, if possible, and is not a case where the court should strain for reversal. National Wall Paper Co. v. Sire, 163 N. Y. 122; Otis v. Dodd, 90 id. 336.

In reaching the conclusion that the judgment should be affirmed I am not unmindful of the somewhat guarded method of the law to prevent the taking of the property of another, under the Mechanics' Lien Law, to satisfy a lien filed for the making of improvements upon such property, unless it appears that such improvements were made with the consent of the owner; nor have I overlooked the fact that corporations are bound only by the acts and contracts done and made by their agents, within the scope of their authority given, but the law enacted for the purpose of giving the lien is a remedial statute, to be construed liberally, to secure the beneficial interests and purposes thereof, and a substantial

compliance with its provisions is declared to be sufficient for the validity of the lien.

In this case I am disposed to take the tacit admission, upon the trial, that Gannon and Connette were acting within the scope of the power given to them to act for the land and steamboat company, as they themselves stated that they had the right to use it, and thus give support to the fact which the trial judge has found in favor of the plaintiff and as against the defendant.

There are no exceptions in the case calling for a reversal of the judgment, no errors upon the trial shown to have been committed in the admission or the exclusion of evidence, and, as the judgment seems to be equitable and just, it is affirmed, with costs.

Judgment affirmed, with costs.