### FARBER v. ESSIE CONST. CO.

(Supreme Court, Appellate Term, First Department.   March 10, 1916.)

1. TRIAL ⬭⟿149—TAKING CASE FROM JURY—EFFECT OF FAILURE TO REQUEST:
    In an action for the wrongful detention of certain tools and appliances, any defect in the proof respecting plaintiff's ownership of the property and demand therefor, and defendant's wrongful detention thereof, was waived by defendant's failure at the close of the entire case to move for the dismissal of the complaint or the direction of a verdict.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 345; Dec. Dig. ⬭⟿149.]

2. TRIAL ⬭⟿296(13)—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.
    . In an action for damages for the wrongful detention by defendant of tools and appliances used in the erection of a building by the F. Co., of

⬭⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

which plaintiff was treasurer, under a contract with defendant which the F. Co. did not complete, defendant excepted at the close of the charge "to the remark  *  *  *  that the ownership of F. [plaintiff], individually is not in dispute," whereupon the court said that he did not recall saying that, that that was a question for the jury under the evidence, and that what he did charge was that plaintiff could have no right superior to, or other or better than, that of the F. Co., and that if the F. Co. put their tools, belonging in fact to plaintiff, at the building, without disclosing plaintiff's ownership, then plaintiff's right to hold defendant liable in conversion would be subject to any right existing as between the F. Co. and defendant. *Held* that, if the charge was subject to the objection raised by defendant, it was cured by the judge's remark.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 718; Dec. Dig. ☞296(13).]

3. CONTRACTS ☞306(4)—BUILDING CONTRACTS—NONPERFORMANCE BY CONTRACTOR—TAKING POSSESSION OF MATERIALS AND APPLIANCES.

A building contract provided that, in case of the contractor's failure to supply a sufficiency of skilled workmen and materials certified to by the architect, the owner upon three days' written notice to the contractor might provide such labor or materials and deduct the cost from any amount coming due the contractor, and that in case of such failure, and in case a certificate was given by the architect that such failure was a sufficient ground for the termination of the contract by the owner, the owner might take possession of the materials, tools, and appliances on the job. *Held* that, where no certificate was given by the architect that the neglect or failure of the contractor to furnish workmen or materials was sufficient ground for terminating the contract, defendant had no right to take possession of materials, tools, and appliances belonging to the contractor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1531; Dec. Dig. ☞306(4).]

Appeal from City Court of New York, Special Term.

Action by Isaac O. Farber against the Essie Construction Company. Judgment for plaintiff, and defendant appeals. On motion for reargument. Motion denied.

At the close of the charge defendant's counsel excepted "to the remark  *  *  *  that the ownership of Farber individually is not in dispute," whereupon the court said he did not recall saying that, that that question was for the jury under all the evidence, and that what he did charge was that Farber could have no right superior to, or other or better than, that of the Farber Contracting Company, and that if the contracting company put their tools, which belonged in fact to Farber, at the place there without disclosing it, then Farber's right to hold defendant liable in conversion would be subject to any right which existed as between the Farber Contracting Company and defendant.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Beekman, Menken & Griscom, of New York City (S. Stanwood Menken and Stephen P. Anderton, both of New York City, of counsel), for appellant.

Joseph A. Seidman, of New York City, of counsel, for respondent.

GUY, J. Defendant appellant moves for an order setting aside an order of this court denying its motion for a reargument of the appeal herein, or, in the alternative, for leave to appeal to the Appellate Division, and asks for the same relief demanded upon the original motion for reargument. The action was to recover damages for the wrongful detention by defendant of certain tools and appliances used in the erection of a building by the Farber Contracting Company under a contract made by that company with the defendant, which contract was also signed by the plaintiff, "Isaac O. Farber, Treas."

[1] The evidence was sufficient to authorize the submission to the jury of the questions of ownership and demand by the plaintiff and wrongful detention on the part of the defendant. If there was any defect of proof with respect to any of these questions, the defendant waived it by failure at the close of the entire case to move for the dismissal of the complaint or the direction of a verdict. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27.

[2] The issues litigated by the parties were submitted by the trial judge to the jury in a charge to which only one exception was taken by the defendant appellant. This exception was on the assumption that the judge had charged the jury that the ownership of the chattels by the plaintiff was not in dispute; but no such charge was made, and if there was anything in the charge to that effect it was cured by what was said by the judge at the time the exception was taken.

The court charged the jury without exception that, in view of the terms of the building contract, the plaintiff's rights against the defendant were no greater than the rights of the Farber Contracting Company; and he further said:

"Under the proof in this case there is conversion as against Farber only if under the contract and under the terms thereof there was a conversion of chattels tantamount to a conversion as against the Farber Company."

And:

"I charge you that, if you find under the evidence in this case that that is what took place, if you find that the Farber Company abandoned its contract, threw it up, and quit the job, then, under the evidence in this case, the Essie Construction Company had the right under its contract with the Farber Contracting Company to take possession of these materials, and use them, and finish the job with them."

It is clear, therefore, that to prove a defense to the action the defendant was bound to show that under the provisions of the contract it had a right to take possession of the property in question as against the company.

[3] Defendant relies upon a certificate made by the architect, pursuant, as the defendant claims, to article V of the contract, as authorizing the defendant to take possession of the chattels in question. But a reading of the certificate in the light of article V shows that that certificate gave defendant no right to the possession of the property. .

As far as material to the question under consideration, article V provides for two contingencies: (1) The failure of the contractor to supply, among other things, a sufficiency of skilled workmen or

materials, certified to by the architect, in which event the owner, upon three days' written notice to the contractor, is authorized to provide such labor or materials and deduct the cost from any amount to become due the contractor under the contract; (2) such failure on the part of the contractor *and a certificate by the architect that the failure is sufficient ground for the termination of the contract by the owner,* in which event (and in which event only) the owner is given the right to take possession of the materials, tools, and appliances on the job.

In this case there is no certificate by the architect that the neglect or failure of the contractor to furnish the workmen or materials was sufficient ground for the owner to terminate the contract, and in the absence of such a certificate there is no right in the defendant to the possession of the chattels described in the complaint. See Midtown Contracting Co. v. Goldsticker, 165 App. Div. 264, 150 N. Y. Supp. 809.

The motion must be denied. All concur.