### GREENSPAN v. NEWMAN et al.

#### (Supreme Court, Appellate Term. March, 1902.)

TRIAL—MOTION TO DISMISS — FAILURE TO RENEW — QUESTION FOR JURY — ADMISSION.

Where defendant failed to renew his motion to dismiss at the close of the entire case, the appellate court will not review the record to see if there is any evidence to support the verdict, the failure to renew the motion being an admission that there was a question of fact for the jury.

Appeal from city court of New York, general term.

Action by Jacob Greenspan against Max Newman and others. From a judgment of the general term of the city court of the city of New York affirming a judgment in favor of plaintiff, and an order refusing a new trial, defendant Max Newman appeals. Affirmed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Emanuel M. Friend, for appellant.
Kenneson, Crain, Emley & Rubino, for respondent.

GREENBAUM, J. The defendant Max Newman appeals from a judgment of affirmance entered upon an order of the general term of the city court affirming a judgment on a verdict in favor of the plaintiff, and an order denying defendant's motion for a new trial. Appellant desires this court to review the record for the purpose of determining whether there was any evidence to support the verdict. At the conclusion of plaintiff's case a motion to dismiss was made and denied, and defendant duly excepted. Defendant proceeded with his defense, and did not at the close of the entire case renew the motion to dismiss. By this procedure the defendant conceded that there was a question of fact to submit to the jury. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27. We do not consider that the case of Carpenter v. Taylor, 164 N. Y. 176, 58 N. E. 53, reversed or modified the rule laid down in Hopkins v. Clark, supra. The opinion of the majority expressly stated "that the exceptions taken by the defendant's counsel during the trial and to the charge" sufficiently challenged the validity of a certain agreement which formed the basis of that action, and no reference is made in that opinion to the doctrine laid down in the Hopkins Case. In the case at bar there are no exceptions that would in themselves bring up for review the question of the defendant Newman's liability as a partner. That was a question which would peculiarly be determined upon the facts. Indeed, a perusal of the record shows that testimony was given in behalf of the plaintiff that defendant admitted that he was a partner, and that he was at times seen at the place of business of "Blumenfeld & Newman." These facts,

coupled with the incredible statement of the defendant Newman that he did not know whether his wife was a partner of the firm, afforded sufficient reason for defendant's implied assent to the proposition that there was some evidence of the partnership, at the close of the entire case. It is true that Newman's alleged admission that he was a partner, as testified to by plaintiff, was made subsequently to the sale. Newman's contention, however, was not that he was not a partner at the time of the sale, but that he never was a partner, so that the testimony was important as giving rise to an inference that Newman was a partner of the firm, notwithstanding that the written articles of copartnership made no mention of his name. We have reviewed the facts solely to show that this case could not be brought under the doctrine of the Carpenter Case, supra, and that the application of the rule of the Hopkins Case, supra, is appropriate here.

Judgment affirmed, with costs. All concur.