(40 Misc. Rep. 648.)

MINNERS et al. v. SMITH.

(Supreme Court, Appellate Term.   March, 1903.)

1. TRIAL—QUESTIONS FOR JURY.
     The failure of defendant to make a motion to dismiss the complaint
     was an admission that there was a question of fact for the jury.
2. PLEADING—GENERAL DENIAL—EVIDENCE ADMISSIBLE.
     Under a general denial of the allegation of the complaint that the
     goods were sold and delivered to defendant, defendant cannot avail her-
     self of the defense that she was a married woman, and that the goods
     were necessaries ordered for her family, for which her husband should
     have been held liable.
3. HUSBAND AND WIFE—PURCHASE BY WIFE—WIFE'S LIABILITY.
     A married woman is liable for goods purchased by her on her individ
     ual credit, though she has no separate property and is engaged in no sep-
     arate business.

Appeal from City Court of New York, General Term.

Action by Charles Minners and another against Maria T. Smith.
From a judgment of the General Term of the City Court of the
City of New York affirming a judgment of the Trial Term in favor
of the plaintiff, and an order of the Trial Term denying a new trial,
defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
GIEGERICH, JJ.

J. E. Chandler, for appellant.
J. I. Wiener, for respondents.

GILDERSLEEVE, J.   The plaintiffs were copartners, carrying
on a grocery business.   The complaint is for a balance due for goods
sold and delivered to the defendant.   The answer is a general de-
nial.   The jury found for the plaintiffs.   The defendant appealed to
the General Term of the City Court, where the judgment and order
were affirmed.   From the judgment of affirmance the defendant ap-
peals to the Supreme Court.

The plaintiffs' witnesses testified that the account was opened by
the defendant, and the credit given to her personally, and that the
goods were ordered by her, and delivered at her residence, and
that the balance claimed has not been paid.   Defendant's husband
swore that he opened the account with plaintiffs, that his wife was
an invalid, and that, as a general rule, he or his daughter ordered
the articles.   It is conceded that defendant was a married woman,
that the plaintiffs were aware of that fact, that the goods so de-
livered were for the use of the family of defendant, and that the
majority of the plaintiffs' bills were paid by checks signed by the
husband of defendant.

The defendant made no motion to dismiss the complaint, and made
no motion for the direction of a verdict in her favor.   The justice
charged the jury not to consider the fact that the defendant was
a married woman, but simply to decide the disputed question of
fact whether or not the goods were ordered by defendant, and de-

¶ 2. See Husband and Wife, vol. 26, Cent. Dig. § 836.

livered to her by plaintiffs, and have not been paid for. No exception was taken to the body of the charge, but the defendant's counsel asked the court to charge as follows, viz.:

"Defendant's Counsel: It appearing in evidence that the defendant is the wife of Mr. Smith, and that these goods were furnished to the family, I would like to have you charge the jury, as a presumption of law, that, whatever Mrs. Smith (the defendant) did in the purchase of these goods, she did for her husband, upon her husband's suggestion. The Court: No, sir; I decline to charge as requested, because, as I have said before, if you intended to plead that, you should have done it in you answer."

To this refusal, defendant's counsel duly excepted.

The failure of the defendant to make a motion to dismiss the complaint was an admission that there was a question of fact for the jury. See Greenspan v. Newman, 37 Misc. Rep. 784, 76 N. Y. Supp. 894; Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27. As the jury found for the plaintiffs, we are compelled to accept as correct the contention of the plaintiffs that the account was opened by the defendant; that the credit was given to her; that the goods were ordered by her and delivered at her residence, and have not been paid for.

When the jury returned with a verdict for plaintiffs, defendant's counsel said:

"I make a motion for a new trial on all the grounds enumerated in section 999 of the Code, and on the additional ground that under the law the husband is liable for necessaries supplied to his family, and that the burden in this case was upon the plaintiffs to establish by a preponderance of proof that she had made herself individually liable, and took it out of the statute—in other words, made an individual contract, which the law presumes to exist. The Court: That would have been possible, it is true, if you had pleaded it in your answer, but your answer is simply a denial that the plaintiffs sold to the defendant in this action."

The motion was denied, and defendant's counsel duly excepted.

The main question urged upon this appeal is the following, viz.: Under a general denial of the allegation of the complaint that the goods were sold and delivered to defendant, can the defendant avail herself of the defense that she was a married woman, and that the goods mentioned in the complaint were necessaries ordered for her family, for which her husband should have been held liable? We are of the opinion that this question must be answered in the negative. Such defense should have been set up in the answer. See Frecking v. Rolland, 53 N. Y. 422.

It may further be observed that as the finding of the jury compels us to accept as a fact that defendant individually contracted with the plaintiffs, and opened the account on her own behalf, and that the credit was given to her personally, her liability is not affected by the fact that she was a married woman, for even where the defendant is a married woman, and has no separate estate, and is engaged in no separate business, the plaintiffs are not thereby prevented from recovering for goods purchased by her upon her individual credit. See Crisfield v. Banks, 24 Hun, 159.

There are no exceptions in the case which require discussion. The judgment of the General Term is affirmed, with costs.

Judgment affirmed, with costs. All concur.